UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERALD SIEGRIST, individually and on behalf of all others similarly situated; PATRICIA SIEGRIST, individually and on behalf of others similarly situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>REEDHEIN & ASSOCIATES d/b/a TIMESHARE EXIT TEAM; MAKAYMAX INC.; HEIN & SONS INDUSTRIES, INC.; BRANDON REED, individually; and TREVOR HEIN, individually,<br><br>              Defendants. | Case No. C21-588 MJP<br><br>**STIPULATION AND ORDER**<br><br>**LCR 10(g)** |
| PHILLIP ISAACS, REBECCAH ISSACS,<br><br>              Plaintiffs,<br><br>REEDHEIN & ASSOCIATES d/b/a TIMESHARE EXIT TEAM; MAKAYMAX INC.; HEIN & SONS INDUSTRIES, INC.; BRANDON REED, individually; and TREVOR HEIN, individually,<br><br>              Defendants. | Case No. C21-589 MJP |

This stipulation is between the plaintiffs in both of the above-named actions (collectively "plaintiffs") on the one hand and Defendants Reed Hein & Associates, Brandon Reed, and Makaymax, Inc. (collectively "the stipulating defendants") on the other. Those parties stipulate:

**a.** **Conference and Joint Status Report**

    1.     On May 11, 2021, this Court ordered the parties to confer about consolidating the above-named cases and issue a joint status report to the Court on May 25, 2021.

    2.     Counsel for the plaintiffs and stipulating defendants conferred on May 11, May 13, May 18, and May 20, 2021 and agreed to ask the Court to remand the cases to Washington State Superior Court for Snohomish County.

**b.** **Remand**

    1.     On May 3, 2021, the stipulating defendants removed the above-named cases to this Court, arguing removal was proper under 28 U.S.C. §§ 1332(d), 1441, 1453(b) *et seq.*

    2.     On May 17, 2021, the *Isaacs* plaintiffs filed a motion to remand the *Isaacs* case, arguing that removal was improper under 28 U.S.C. §1332(d) *et seq.*

    3.     On May 19, 2021, both the *Isaacs* and *Siegrist* plaintiffs filed amended complaints without any class allegations. The matter in controversy in the Amended Complaint in the *Isaacs* case does not exceed the sum or value of $75,000 exclusive of interest and costs.

4.       On May 20, 2021, the *Siegrist* plaintiffs filed a motion to remand their initial class action complaint, arguing that removal was improper under 28 U.S.C. §1332(d) *et seq.*

5.       The parties dispute whether removal was proper. However, the parties agree and stipulate this Court does not have jurisdiction in light of the amended complaints.

6.       Based on these agreements and stipulations, the parties jointly propose that the Court enter the order below.

IT IS SO STIPULATED this 25th day of May, 2021.

*By: s/ Gregory Albert*     *By: s/ Steven W. Fogg*
               *By: s/ Jack M. Lovejoy*
               *By: s/ John T. Bender*

Gregory Albert, WSBA No. 42673
Albert Law PLLC
3131 Western Ave., Suite 410   Steven W. Fogg, WSBA No. 23528
Seattle, WA  98121      Jack M. Lovejoy, WSBA No. 36962
greg@albertlawpllc.com     John T. Bender, WSBA No. 49658
             CORR CRONIN LLP
*Attorneys for Plaintiffs*     1001 Fourth Avenue, Suite 3900
             Seattle, Washington  98154
             (206) 625-8600 Phone
             ((206) 625-0900 Fax
             sfogg@corrcronin.com
             jlovejoy@corrcronin.com
             jbender@corrcronin.com

*Attorneys for Defendants Reed Hein &*
*Associates, Makaymax Inc. and Brandon Reed*

# I. ORDER

These matters came before the Court on the parties' stipulation filed in both matters. (Dkt. No. 14.) The Court has reviewed the stipulations and the records and files herein and is fully advised. Now therefore, it is ORDERED:

1.      The pending motion for remand and for attorney fees in the *Isaacs* case (21-cv-00589-MJP, Dkt. No. 13) is struck.

2.      The pending motion for remand and for attorney fees in the *Siegrist* case (21-cv-00588-MJP, Dkt. No. 13) is struck.

3.      In light of the stipulation above, both cases are REMANDED to the Superior Court for Snohomish County.

4.      The Court's May 11 Order requiring the parties to file a joint status report by May 25 is vacated as moot in light of this Order.

DATED this 26th day of May, 2021.

Marsha J. Pechman
United States Senior District Judge